# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PLAYSTAR, INC.,**

          **Plaintiff,**

v.                                      Case No. 05-C-0691

**PLAYCORE WISCONSIN, INC., and**
**PLAYCORE HOLDINGS, INC.,**

          **Defendants.**

## DECISION AND ORDER

Plaintiff PlayStar, Inc., ("PlayStar"), and defendants Playcore Wisconsin, Inc. and Playcore Holdings, Inc. (collectively "Playcore"), are competitors in the outdoor play equipment manufacturing business. PlayStar brings this action asserting federal and Wisconsin common law claims of trade dress infringement and unfair competition based on Playcore's packaging of its "do-it-yourself" ("DYI") play system kits for 2005.

The Court has subject matter jurisdiction over this matter under the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. § 1331 and § 1338. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

Playcore moves to dismiss PlayStar's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Playcore contends that PlayStar has failed to allege any protectable trade dress rights or any actionable conduct on the part of Playcore. The motion is ready for adjudication.

*Standard*

Dismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). Stated somewhat differently, under Rule 12(b)(6), dismissal of a complaint is proper when it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim on which relief may be granted. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001) (citations omitted). "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) (citations omitted.) All well-pleaded facts are accepted as true and are construed in favor of the plaintiff. *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). However, the Court is not obliged to accept as true legal conclusions or unsupported conclusions of fact. *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002).

*Trade Dress*

PlayStar has not registered the packaging it seeks to protect as a trade dress in this case so PlayStar proceeds under § 43(a) of the Lanham Act, which prohibits a person from using "on or in connection with . . . any container for goods, . . . in commerce any word, term, name, symbol, or device, or any combination thereof," which "is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods." 15 U.S.C. § 1125(a).

Although § 43 proscribes "a broader range of practices" than does the cause of action for infringement of registered marks, "the general principles qualifying a mark for

2

registration under § 2 of the Lanham Act are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a)." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Both § 2 and § 43(a) have been construed to embrace not just source-identifying "word marks, such as 'Nike,' and symbol marks, such as Nike's 'swoosh' symbol, but also 'trade dress.'" *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 209 (2000). Trade dress "originally included only the packaging, or 'dressing,' of a product," but it has been expanded to encompass the design or configuration of the product itself. *Id*.

In any action under § 43(a), the plaintiff must prove (1) that the mark is distinctive as to the source of the good, and (2) that there is a likelihood of confusion between its good and the defendant's good. *Id*. at 210. Where the mark is a word, symbol or even product packaging, the plaintiff may prove distinctiveness by showing either that the "intrinsic nature" of the mark serves to identify a particular source (what is known as "inherent distinctiveness") or that "in the minds of the public, the primary significance of [the mark] is to identify the source of the product rather than the product itself" (what is known as "acquired distinctiveness" or "secondary meaning"). *Id*. at 210-11. Additionally, a plaintiff must prove that an unregistered trade dress is "not functional." *See* 15 U.S.C.§ 1125(a)(3). "'[A] product feature is functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.'" *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32 (2001) (quoting *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995)).

*Analysis*

Playcore's motion to dismiss challenges the sufficiency of several components of PlayStar's complaint. Playcore maintains that PlayStar has not articulated how its trade dress in the PlayStar DIY kits is distinctive.

However, PlayStar has described distinctive packaging for its DIY kits, and attached photographs of those packages. (See Compl. ¶ 7, Ex. A.) That packaging includes a picture of a playset standing on shock absorbing material with a background depicting a realistic outdoor environment with foliage and a blue sky, a product name in a specific color scheme for each kit displayed horizontally on the packaging, a variation of that specific color scheme appearing in colored bands elsewhere on the packaging, and the use of colored icons to indicate different play set options. (*Id.*) PlayStar has adequately articulated its DIY kit trade dress. The elements of PlayStar's claimed trade dress must be evaluated in combination. *See Syndicate Sales, Inc. v. Hampshire Paper Corp.*, 192 F.3d 633, 636 (7th Cir. 1999).

None of the cases that Playcore relies on in asserting that PlayStar has failed to articulate a specific trade dress were decided at the Rule 12(b)(6) motion to dismiss stage. *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997), was decided after a preliminary injunction hearing. *Walt Disney Co. v. Goodtimes Home Video Corp.*, 830 F.Supp. 762, 763 (S.D.N.Y. 1993), and *Regal Jewelry v. Knightsbridge Int'l, Inc.*, 999 F.Supp. 477, 481 (S.D.N.Y. 1998) were decided after bench trials. *Yurman Design v. PAJ, Inc.*, 262 F.3d 101, 107 (2d Cir. 2001), was decided after a seven-day jury trial.

4

Furthermore, in *Yurman*, 262 F.3d at 117-18, the plaintiff's only description of its trade dress rights in an entire product line was "the artistic combination of cable [jewelry] with other elements." Playcore's challenge to PlayStar's description of the distinctiveness of its packaging is to no avail at this early stage of the proceedings.

Playcore maintains that even if PlayStar establishes that its trade dress has acquired distinctiveness or secondary meaning, the complaint fails to state a cause of action because generic elements are not protected under trade dress law. PlayStar asserts that Playcore is raising an affirmative defense on which Playcore would bear the burden.

With respect to trademarks, generic marks are those that "refer to the genus of which the particular product of the species." *Two Pesos, Inc.*, 505 U.S. at 768 (citations omitted). A number of courts, lead by the Second Circuit have held that the "generic bar" to the trademark cases also applies, in modified form, to "generic" trade dress cases. *See* 1 Thomas J. McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 8:6.50 (4th ed. 1996). The parties have not provided any authority indicating that the Seventh Circuit has followed the Second Circuit's lead in extending the "generic bar" to trade dress cases, and none is cited in *McCarthy on Trademarks*. *See id.*

However, in the trademark context, the Court of Appeals has held that, when a trademark is not registered, and an issue is presented regarding whether a trademark is not protected because it is "generic," the burden on that issue rests with the party claiming infringement. *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 530 (7th Cir. 2003); *Mil-Mar Shoe Co. v. Shonac Corp.*, 75 F.3d 1153, 1156 (7th Cir. 1996). Thus, if the generic bar was extended

5

to trade dress cases in this circuit, PlayStar would have the burden of proving that its packaging is not generic.

But, the legal test of genericness is "primary significance." *Ty Inc.*, 353 F.3d at 531 (citing *Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111, 118-19 (1938); *Wesley-Jessen Div. of Schering Corp. v. Bausch & Lomb Inc.*, 698 F.2d 862, 865 (7th Cir. 1983); *King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 321 F.2d 577, 581 (2d Cir. 1963); 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12:6 (4th ed. 2003); 5 *id.* § 32:192). Such determination must be based on evidence, not the allegations of the complaint. *See id.* Thus, Playcore's contention that PlayStar's complaint fails to state a claim because PlayStar's trade dress is generic is not persuasive.

Playcore also maintains that the prominent use of dissimilar "house" and product trademarks demonstrates that there is no likelihood of customer confusion. Under Seventh Circuit case law, a number of factors must be examined when determining if a likelihood of confusion exists between the trade dresses of two products. *Syndicate Sales, Inc.*, 192 F.3d at 636. These include: 1) the similarity of the trade dresses; 2) the area and manner of concurrent use; 3) the degree of care likely to be used by consumers; 4) the strength of the plaintiff's trade dress; 5) actual confusion; and 6) intent of the defendant to pass off its product as that of the plaintiff. *Id.* None of these factors considered alone is dispositive, and the weight to be accorded each varies from case to case. *Id.* When making its inquiry, the Court must compare the trade dresses "in light of what happens in the marketplace, not merely by looking at the two . . . side-by-side." *Id.* Whether trade dress is likely to confuse consumers

6

about the source of goods is a question of fact, not law. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999).

PlayStar has described Playcore's allegedly infringing 2005 packaging (Compl. ¶ 19), and asserts that there is a likelihood of confusion because Playcore's products directly compete with PlayStar. Notably, Playcore's products are advertised and sold through the same trade and distribution channels as PlayStar's playsets. (*Id.* at ¶ 21.) PlayStar has adequately plead the likelihood of confusion. Playcore invites the Court to engage in a factual inquiry which is premature. *See Walker*, 200 F.3d at 503.

In sum, Playcore has not established that PlayStar's complaint is subject to dismissal pursuant to Rule 12(b)(6). PlayStar has satisfied the requirements of Rule 12(b)(6) by providing a short plain statement of the facts that support its claim for relief. *Id.* Playcore's motion to dismiss is denied and it must file its answer to the complaint.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Playcore's motion to dismiss (Docket No. 3) is **DENIED**.

PlayCore **SHALL** file its answer to the complaint on or before September 19, 2006.

Dated at Milwaukee, Wisconsin this 5th day of September, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**