IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PLAYSTAR                              )
                                      )
        Plaintiff,                    )    Case No. 05-C-0691
                                      )    The Honorable Rudolph T. Randa
v.                                    )
                                      )
PLAYCORE WISCONSIN, INC.              )
PLAYCORE HOLDINGS, INC.,              )
                                      )
        Defendants.                   )
                                      )

**PROTECTIVE ORDER**

Upon the Joint Motion for Stipulated Protective Order submitted by the parties, and good cause appearing therefor;

IT IS HEREBY ORDERED that:

This Protective Order shall govern any designated record or information produced in this action, including deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to initial disclosure requirements or formal discovery requests made pursuant to the Federal Rules of Civil Procedure.

A.  Any information provided by a party in this litigation or any portion thereof, recorded in any form, including any form of evidence or discovery contemplated under Sections 26 through 36 of the Federal Rules of Civil Procedure, which, in the good faith opinion of the party providing such information or discovery or to which that information belongs (the "producing party"), discloses such producing party's trade secrets, prices or costs, customers' identities or other confidential information of competitive or proprietary importance concerning

its business may be designated by the producing party as "Confidential" or "For Counsel Only." Such "Confidential" or "For Counsel Only" information is to be used only in the manner hereinafter described in Part B.

1. The designation of confidential information shall be made by placing or affixing a stamp or marking upon the face sheet of a document containing such confidential information (in such a manner as will not interfere with the legibility thereof) the notice "CONFIDENTIAL," "FOR COUNSEL ONLY" or the like. If only a portion of a document is designated as "Confidential" or "For Counsel Only," the aforesaid notice shall be placed on the first sheet of such document and on each page containing any portion of the document which is claimed to be confidential. Identifying documents or information as "Confidential" or "For Counsel Only" by a producing party will not be deemed an admission by any other party that the information or document is, in fact, confidential. A producing party may state on the record of any proceeding in which oral testimony is provided that specific testimony is "Confidential" or "For Counsel Only." Alternatively, a producing party may designate testimony or information disclosed as "Confidential" or "For Counsel Only" by notifying all parties, in writing, within thirty (30) days of receipt of any transcript, of the specific pages and lines of the transcript which contain "Confidential" or "For Counsel Only" information.

2. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked "Confidential" or "For Counsel Only." Once specific documents have been selected for copying, any documents containing confidential information will be marked by the producing party as "Confidential" or "For Counsel Only" after copying but before

delivery to the party who inspected and selected the documents. Such marking shall be done as soon as practicable by the producing party, but in any event within three (3) business days of the date on which the documents are copied, so as not to delay delivery to the requesting party. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "Confidential" or "For Counsel Only" pursuant to this procedure.

3. If any party objects to the classification of any information as "Confidential" or "For Counsel Only" at any time during the pendency of this case, such party shall give written notice of its objection to the other party. After such notice is made, the parties shall confer and, if they are unable to resolve their differences, the objecting party may apply to this Court for a determination as to whether the designated material is to be classified as "Confidential" or "For Counsel Only." If the objecting party does not move the Court for such a determination within thirty (30) days after service of written notice of an objection, such objection is deemed waived. The non-objecting party shall bear the burden of establishing the propriety of any challenged designation.

4. Any information which has been produced and designated "Confidential" or "For Counsel Only," which becomes the subject of an objection and a timely motion to be designated as "Confidential" or "For Counsel Only" under Paragraph A.3, shall be treated as designated, subject to the terms of this Order until the Court has ruled on the motion.

5. The inadvertent or unintentional disclosure by the producing party of information designated as "Confidential" or "For Counsel Only," regardless of whether

3

the information was so designated at the time of disclosure, or the unintentional disclosure of information subject to the attorney/client privilege, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Upon discovery of inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate to restore the confidentiality or privileged status of the inadvertently disclosed information.

      6. Any information produced hereunder as "Confidential" or "For Counsel Only" but independently and lawfully obtained from other sources not specifically disclosed to that source under a confidentiality agreement with the disclosing party, shall not be subject to this Protective Order. Further, any information produced hereunder as "Confidential" or "For Counsel Only" which, prior to production, is or was public knowledge or information, or is information which becomes public knowledge or information after disclosure other than through an act or omission of the receiving party shall not be subject to this Protective Order.

B. Counsel for the non-producing parties shall not disclose, make available, or otherwise communicate such "Confidential" or "For Counsel Only" information to any other person except that:

      1. Counsel may disclose information designated "For Counsel Only" only to the following:

            a. Counsel of record working on this action on behalf of any party and counsel's partners, associates, paralegals, and secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this

4

action, and retained providers of copying or other clerical services for such counsel;

    b.    Court reporters and their staff; and

    c.    The Court and any person employed by the Court whose duties require access to such information or material.

    d.    The information disclosed to such individuals under this Paragraph B.1 is not to be disclosed by them to anyone else, and is not to be used for any purpose other than hearings, trial preparation, the trial and any appeal of this action.

    2.    Counsel may disclose information designated "Confidential" only to the following:

    a.    Counsel of record working on this action on behalf of any party and counsel's partners, associates, paralegals, and secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this action, and retained providers of copying or other clerical services for such counsel;

    b.    Court reporters and their staff;

    c.    The Court and any person employed by the Court whose duties require access to such information or material; and

    d.    The parties and individuals who are employees of the parties and whose advice and consultation is reasonably needed by such party in connection with preparation for trial of this case.

e. The information disclosed to such individuals under this Paragraph B.2 is not to be disclosed by them to anyone else, and is not to be used for any purpose other than hearings, trial preparation, the trial and any appeal of this action.

3. Counsel may disclose information designated "Confidential" of "For Counsel Only" to independent experts, consultants and clerical and accounting personnel who are directly employed or retained in connection with this lawsuit by the parties to the extent that such disclosure is necessary for the preparation of this case for hearing, trial or appeal. Each such person to whom such disclosure is to be made by counsel (other than persons identified in Paragraphs B.1 and B.2) shall agree in writing to be bound by the terms of this Order, and shall execute an agreement in the form of the confidentiality agreement attached to this Order as Exhibit A prior to any disclosure of "Confidential" information to such person. Each such person shall agree that such information is confidential, is not to be disclosed by him or her to anyone else, and is not to be used for any purpose other than hearing, trial, or appeal of this action. Counsel for the party who is disclosing the confidential information to any person covered by this Paragraph B.3 shall be responsible for providing executed copies of the confidentiality agreements to the producing party prior to disclosure of the confidential information and for maintaining the executed confidentiality agreements of each such person. The executed confidentiality agreement of any deponent may be attached as an exhibit to the transcript of such person's deposition.

4. Notwithstanding any other provision of this Order, nothing herein shall prohibit counsel for a party from disclosing a document designated as "Confidential" or

"For Counsel Only" to any person whom the document identifies as an author, addressee, or carbon copy recipient of such document. Furthermore, regardless of designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness (without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement), and such discussion does not constitute a disclosure in violation of this Protective Order.

5. Except as provided in Paragraph A, nothing herein prohibits the producing party from distributing its own information marked "Confidential" or "For Counsel Only" to unrestricted recipients. No document or information shall be deemed "Confidential" or "For Counsel Only" if it is disclosed in a printed publication, was known to the receiving party without obligation of confidentiality prior to its disclosure by the producing party, is lawfully provided to a party from a non-party without obligation of confidentiality, or otherwise is or comes to be lawfully known to a party through means not constituting a breach of this Order.

6. Documents or information designated "Confidential" or "For Counsel Only" may be used in connection with the deposition of any person bound by this Order and qualified to receive such information, and in connection with any person employed by a party that produced the "Confidential" or "For Counsel Only" information, provided that prior to disclosure, he or she shall be informed of the contents of the Protective Order prior to the submission of any confidential information to him or her, and executes a written confidentiality agreement in the form of Exhibit A to this Order.

7

7. During portions of depositions which the parties or their counsel may consider "Confidential" or "For Counsel Only," the producing party shall have the right to exclude such persons who are not qualified to receive "Confidential" or "For Counsel Only" information pursuant to the terms of this Order.

8. Counsel may disclose a producing party's customer sales information for a particular customer or employees of the particular customer to whom such product, item or thing was sold, regardless of designation, provided, however, that such customer or customer employee shall sign the Confidentiality Agreement attached hereto as Exhibit A before any such disclosure. Counsel may also disclose a producing party's vendor purchase information for a particular vendor to employees of the individual organizations or entities from whom such purchases were made, regardless of designation, provided, however, that such employee shall sign the Confidentiality Agreement attached hereto as Exhibit A before any such disclosure.

9. In the event that counsel for a party deems it necessary to disclose any information of the producing party designated "Confidential" or "For Counsel Only" to any person not authorized to have access to such information under this Order, said counsel shall notify counsel for the producing party in writing of (i) the information or documents to be disclosed, and (ii) the intended recipient of the "Confidential" or "For Counsel Only" information, his or her residential and business address, his or her present employer and position and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the non-producing party shall move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure, and the disclosure shall not be made until that motion is

decided and the Court so orders. Prior to being provided access to any information designated as "Confidential" or "For Counsel Only," all non-party witnesses must execute the written confidentiality agreement in the form attached as Exhibit A or orally agree to its contents on the record during deposition or trial.

C. Counsel shall preserve the confidentiality of all information designated as "Confidential" or "For Counsel Only" pursuant to this Order and agree not to introduce such information into the public record, subject to the following provisions:

1. To the extent that the transcript of any deposition and the exhibits thereto incorporate any such confidential information, the portion of such transcript and any exhibits thereto incorporating any such confidential information either *in haec verba* or by way of summary, shall be marked with the notice "CONFIDENTIAL" or "FOR COUNSEL ONLY" and shall be subject to the terms of this Order.

2. To the extent that only a portion of a document filed by counsel quotes or summarizes confidential information, that document shall be subject to the terms of this Order and counsel shall comply with the provisions of Paragraph A.1, *supra*.

3. Information designated "Confidential" or "For Counsel Only" may be used at any hearing, trial or appeal in this case under such conditions as the Court may impose, provided, however, that the parties agree that all persons not authorized by this Order to receive "For Counsel Only" or "Confidential" information will leave the courtroom when any such information is being presented.

4. Until further Order of this Court, the Clerk of this Court shall maintain under seal all transcripts, exhibits and other documents which are marked "CONFIDENTIAL" or "FOR COUNSEL ONLY." "Confidential" documents shall be

9

made available *only* to the persons set forth in Paragraph B.2, and "For Counsel Only" documents shall be made available *only* to the persons set forth in Paragraph B.1. To assist the Clerk, any document or object which a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "FOR COUNSEL ONLY UNDER PROTECTIVE ORDER," or the like, and a statement to the effect that the container shall not be opened nor the contents thereof be displayed or revealed except by order or under direction of the Court.

    5. In the event that any counsel for a party withdraws or is disqualified from representing such party and is no longer counsel of record for such party ("Former Counsel"), such Former Counsel shall immediately transfer all originals and reproductions of any documents and things, or portions thereof, which were designated "Confidential" or "For Counsel Only" under the terms of this Order, to Former Counsel's substitute counsel, provided, however, that Former Counsel may retain one complete set of correspondence, pleadings and any exhibits thereto, including motions, in the action.

D.   1. Upon the conclusion of this litigation and either (i) the expiration of the time to file a notice of appeal, if no appeal is filed, or (ii) if an appeal was filed, the filing of the mandate or final order from the appellate court if the case is not reopened as a result of the terms of the mandate or order, all "Confidential" and "For Counsel Only" information filed under seal with the Court shall be returned to the party that filed it, provided that if the person to whom it is to be returned fails to remove the "Confidential"

and "For Counsel Only" information after notice, it shall be destroyed to the extent allowed under the Rules of this Court.

2. Within sixty (60) days after the conclusion of contested proceedings between any of the parties by mandate following an appeal, judgment if no appeal is taken, settlement, or otherwise, all originals and reproductions of any documents and things, or portions thereof, produced by a party which were designated "Confidential" or "For Counsel Only," shall either be returned to that party or, if the producing party agrees, destroyed by the receiving party and a certification in writing sent to the producing party stating that such documents have been destroyed; provided, however, that counsel to each party may each retain one complete set of correspondence, pleadings and any exhibits thereto, including motions, in the action. Insofar as the provisions of any Protective Order entered in this action restrict the communication and use of the documents produced hereunder, such Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such Protective Order.

E. A copy of this Protective Order may be furnished to each non-party required to produce documents in this litigation. Such non-parties may produce documents designated as "Confidential (Produced by [insert name])" or "For Counsel Only (Produced by [insert name])" pursuant to the terms of this Protective Order and all such information shall be treated in accordance with this Protective Order. A non-party's confidentiality designations shall be subject to review as provided in Paragraphs A.3 and B.9.

F. Neither the entry of this Order nor the designation of any information, document or the like as "Confidential" or "For Counsel Only" (or the failure to make such designation) shall constitute evidence with respect to any issue in this litigation. Failure to designate any document or thing shall not constitute a waiver of any party's claim outside this litigation that such documents or things do contain trade secrets, proprietary information, or otherwise confidential information. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

G. This Protective Order is made without prejudice to the right of any party to seek modification of this Order from the Court with respect to any specific material upon a showing of good cause or through written stipulation by the parties.

H. The parties and all persons subject to the terms of this Order agree that this Court shall retain jurisdiction, after this action has terminated, for the purposes of enforcing this Order.

I. Nothing herein shall preclude counsel from referring to "Confidential" or "For Counsel Only" information in a general way, and without revealing the substance or details of the information, for the sole purpose of rendering legal advice to his or her client.

Entered this 5th day of Oct, 2007.

*[signature]*
THE HONORABLE RUDOLPH T. RANDA
UNITED STATES DISTRICT JUDGE

STIPULATED TO BY:

Michael Best & Friedrich LLP

s/Joseph T. Miotke
Katherine W. Schill
State Bar No. 1025887
Joseph T. Miotke
State Bar No. 1033986
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
(414) 271-6560
Fax: (414) 277-0656
Email: kwschill@michaelbest.com
　　　　jtmiotke@michaelbest.com

**ATTORNEYS FOR PLAINTIFF PLAYSTAR**

Whyte Hirschboeck Dudek S.C.

s/Donald A. Daugherty, Jr.
Donald A. Daugherty, Jr.
State Bar No. 1017628
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
(414) 273-2100
Fax: (414) 223-5000
Email: ddaugherty@whdlaw.com

**ATTORNEYS FOR DEFENDANTS PLAYCORE WISCONSIN, INC. AND PLAYSTAR HOLDINGS, INC.**

13

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| PLAYSTAR | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-C-0691 |
| | ) | The Honorable Rudolph T. Randa |
| v. | ) | |
| | ) | |
| PLAYCORE WISCONSIN, INC. | ) | |
| PLAYCORE HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CONFIDENTIALITY AGREEMENT

The undersigned, having read and understood the Protective Order governing the restricted use of documents in the above-captioned matter, hereby agrees to be bound by the terms thereof. By my signature, I also consent to the exercise of jurisdiction over my person by the Court in which this cause is pending.

Dated this _____ day of _____, 2007.

Name:_____

EXHIBIT A

WHD\5329384.1